LINCOLN LAND COMPANY, PLAINTIFF IN ERROR, V. D. ACKERMAN, CLERK OF HALL COUNTY, DEFENDANT IN ERROR.

Cities and Villages.   Where real estate is subdivided and platted into city or village lots, the plat thereof, being duly filed with the county clerk, and recorded by him, becomes an instrument in which the public, as well as the proprietor, is interested, and it should remain in the possession of the county clerk, as the proper custodian thereof.

ERROR to the district court for Hall county.   Tried below before TIFFANY, J.

O. A. Abbott and Marquett, Deweese & Hall, for plaintiff in error.

Thompson Bros., for defendant in error.

REESE, CH. J.

This was an action in replevin.   The property in dispute consisted of the plats of the towns of Abbott and Cairo, in the county of Hall.

From the record it appears that plaintiff in error, being the owner of the land upon which the town sites are now located, platted the same in accordance with the provisions of section 104, et seq., of Chap. 14 of the Compiled Statutes, and filed the same for record in the office of the county clerk of Hall county.   The clerk recorded them, as required by law, and after they were so recorded plaintiff in error demanded their return to its officers.   This demand was refused, and the action instituted.   The cause was tried to the district court, a jury being waived, and the following facts were found:

"That the plaintiff is a corporation; that the defendant is the county clerk of Hall county; that the plaintiff

made the town plats of the towns of Abbott and Cairo (the town plats and property referred to in the petition), in said Hall county, and filed the same in the office of the county clerk of said Hall county for record, and paid the lawful fees therefor; that said plats were duly executed and acknowledged according to law, and entitled to record as such; that said plats were duly recorded as required by law, and correct copies thereof deposited with said clerk, and at the same time said plaintiff demanded of and from the said defendant, as such county clerk, the return of the originals so filed for record, and recorded as aforesaid, which was refused. The court does further find that said plats are of the value of $500; that plaintiff has secured the possession thereof under the writ of replevin heretofore issued in this case, and that defendant's damage, if entitled to recover any, is the sum of ten cents, and that plaintiff's damage, if entitled to recover any in this case by reason of defendant's detaining of said plats, is of the sum of ten cents. The court does find, as a conclusion of law, from the foregoing facts, that the defendant, at the time of the commencement of this suit, was, and still is, as such county clerk, entitled to the custody of said plats, and of each of them," etc.

Judgment was rendered upon these findings in favor of defendant in error.

It will be seen that the question here presented is, as to whether the county clerk is the proper legal custodian of city and village plats filed in his office for record, or whether the owner of the platted territory is entitled to such plats. This question is not free from doubt, under the provisions of the statute governing the platting of cities and villages. No cases referred to in the briefs of counsel for either side are directly in point, and we know of no decisions which would afford us a guide in this investigation. It is provided by section 104 of the chapter referred to, that every owner or proprietor of real estate

which shall be subdivided for the purpose of laying out any city or village, or any addition thereto, shall cause a plat of such subdivision with reference to known permanent monuments to be made, which shall correctly describe all the subdivisions of such real estate, and file the same with the county clerk for record. It is provided that the duty to file for record a plat, as provided by the section, shall attach as a covenant of warranty in all conveyances made of any part of such subdivision, by the original owner or proprietor, against assessments, costs, and damages, etc., lost or incurred by any grantee or person claiming under him, in consequence of the omission, on the part of said owner or proprietor, to file such plat. It is further provided by section 105 that, when certain statements therein referred to are attached to the plat, "said plat shall be filed for record and recorded in the office of the recorder for the proper county."

By section 106 it is provided that the acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises so platted as on such plat are set apart for streets or other public use, or as is dedicated to charitable, religious, or educational purposes. Deeds, mortgages, and other instruments of conveyance by which real estate is conveyed to a grantee are the property of such grantee, and he is entitled to the possession thereof, as his evidence of title. It is argued that this rule cannot be invoked in support of the claim of defendant in error, for the reason that, with the exceptions of the streets and alleys, and other dedicated portions of the territory, the title remains in the proprietor unimpaired, and that the plat, with the statements referred to in section 105, when recorded, is the evidence of such platting, and that the proprietor is entitled to retain the same as such evidence of his right to dispose of the platted lots or blocks.

This argument seemed to the writer strongly in favor of

plaintiff in error, upon first investigation of the case, and during the argument it was believed by him to be the correct theory, but upon a more careful examination, we are forced to a different conclusion. The streets and alleys designated in such plat, together with such portions as are dedicated to charitable, religious, educational, or other public purposes are conveyed to the public by the execution, acknowledgment, and record of the plat, the title conveyed being equivalent to a deed in fee simple.

The public, therefore, becomes interested in all the property so dedicated and set apart, and so far as the interest of the public and lot owners may extend, they are equally interested with the proprietor in the preservation of the original plat.

In addition to this, the recording of the plat is not as the recording of written instruments, a compared copy of the language, but it consists of the mechanical labor of reproducing as near as may be a *fac simile* of the plat itself upon the record. This can only be successfully done by a skilled draughtsman, so as to reproduce it with the exactness which should be required. The public are not only interested in having the plat and statements recorded, but are interested in an exact reproduction of the plat upon the record for the purposes of comparison by those who may become interested in the property after it is platted. And when the value of such property has very greatly increased, as it does in cities and towns, it would seem to be necessary that the original plat should be carefully retained by the county clerk, as custodian thereof, not only on behalf of the original proprietor, but also on behalf of the subsequent owners.

Our conclusion, therefore, is, that the judgment of the district court was correct, and it is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.